UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                              Case No.: 8:15-cr-24-VMC-TGW

RONALD J. ANDERSON, III

_____/

**ORDER**

This matter comes before the Court pursuant to the final hearing on the revocation of supervised release for Defendant Ronald J. Anderson, III. The Court held hearings regarding revocation on July 7, 2022, July 13, 2022, and August 16, 2022. For the reasons explained at the hearings and below, the Court sentenced Anderson to thirty days' imprisonment and fifty-nine months of supervised release during the August 16 final hearing.

**Discussion**

Anderson was convicted of conspiracy to commit wire fraud and bank fraud along with four co-defendants. The Court initially sentenced Anderson to twenty-one months' imprisonment with sixty months of supervised release, after having granted a two-level reduction at the government's request. (Doc. # 197). The Court ordered Anderson to pay

1

$360,315.90 in restitution. (Id.). Before Anderson self-surrendered to serve his sentence and after the government filed a second motion for downward departure (Doc. # 227), the Court held a hearing and decreased Anderson's term of imprisonment to time served with one year home detention and with five years of supervised release but maintain the same restitution amount. (Doc. # 231). Regarding restitution, Anderson was required to make restitution payments of $1,200 every four months beginning on January 5, 2016, and thereafter make payments of $100 per month. (Doc. # 251 at 1).

Even accounting for the reduction for substantial assistance, the Court gave Anderson a below-guidelines sentence to enable him to avoid prison so that he could be with his family and continue working to pay his restitution obligation. In contrast, two of Anderson's co-defendants received prison sentences: one for a period of twenty-seven months and one for a period of twenty-one months. (Doc # 201; Doc. # 223).

Yet, this Court's imposition of a lenient sentence did not have much impact on Anderson. In late July 2017, probation sought revocation of Anderson's supervised release because he had (1) failed to make restitution payments since September 9, 2016, and was $2,250 in arrears at that time, (2) failed

to answer his probation officer's questions truthfully, and (3) failed to disclose his financial information. (Doc. # 249; Doc. # 261 at 1; Doc. # 261-1). Nevertheless, showing mercy to Anderson, the Court again did not sentence him to jail time when it revoked his supervised release. (Doc. # 264). Rather, he was sentenced to time served and a fifty-nine-month term of supervised release so that he could continue working. (Id.).

Still, the Court's leniency did not inspire Anderson to comply with his restitution obligations. In August 2021, probation filed a report noting that Anderson had failed to work full-time at a lawful employment since February 2021 and had failed to make restitution payments at the required rate of $100 per month between February 1 and August 1, 2021. (Doc. # 325). However, again showing mercy to Anderson, the Court ordered that no action be taken on Anderson's violations at that time. (Doc. # 326).

A few months later, in February 2022, probation filed a petition for issuance of a summons based on Anderson's (1) failure to make restitution payments of $100 per month between April 1, 2021, and February 1, 2022, and (2) failure to submit monthly reports. (Doc. # 327). The Court directed issuance of a summons to institute revocation proceedings. (Doc. # 329).

3

The final revocation hearing was originally scheduled for April 4, 2022, but the Court continued the hearing to July 7, 2022, at Anderson's request. (Doc. ## 341, 344). Specifically, Anderson represented that he was "working regularly and believe[d] he [could] bring his restitution payments to current status in 90 days." (Doc. # 342).

During the July 7, 2022, hearing, the Court continued the final revocation hearing for a week. (Doc. # 362).

At the time of the July 13 revocation hearing, Anderson was in arrears of $3,365.55. The final revocation hearing was continued again until August 16, 2022.

At the August 16, 2022, hearing, Anderson had still failed to completely pay the entire arrears of his restitution payments. As of August 18, 2022, Anderson is in arrears of $1,046.44.

The Court believes that a thirty-day period of imprisonment is appropriate given Anderson's history of violations in the face of the leniency that the Court has shown him. Further, the Court is struck by Anderson's failure to pay the arrears on his restitution payments despite ample opportunity to do so. However, the thirty-day sentence is still below guidelines, which call for a three to nine-month period of imprisonment for a violation of a condition of

4

release. Despite Anderson's violations, the Court continues to show leniency.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 18th day of August, 2022.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE